UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M REES and WENDY REES,

       Plaintiffs,

                     CASE NO. 14-CV-12401
   v.                HONORABLE GEORGE CARAM STEEH

IRON WORKERS' LOCAL NO. 25
PENSION FUND, et al.,

       Defendants.
_____/

**OPINION AND ORDER DENYING CROSS
MOTIONS FOR RECONSIDERATION (DOCS. # 108, 109)**

On September 30, 2015, the court granted summary judgment to plaintiffs David and Wendy Rees on their federal law equitable estoppel claim against the defendant Iron Workers' Local No. 25 Pension Fund (the "Fund"). The court explained that, based on the relevant case law, the Fund was estopped from revoking plaintiffs' retirement benefits. The court entered judgment in favor of plaintiffs and against the Fund to this effect, and required the Fund to make full payment to plaintiffs of all benefits that have not been paid since benefits were wrongfully suspended in September 2013. (Doc. #107). The facts are explained in more detail in the court's order and are incorporated by reference. *See* (Doc. #106).

Now before the court is the defendants' motion for reconsideration (Doc. #108) and plaintiffs' motion for clarification, amendment of the court's opinion and order and judgment, and for reconsideration (Doc. #109). For the reasons that follow, both motions will be denied.

## I. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order."  E.D. Mich. LR 7.1(h)(1).  The motions are timely.

The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication."  E.D. Mich. LR 7.1(h)(3).  To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case."  *Id.*  A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain."  *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001).

## II. DISCUSSION

### A. Defendants' Motion

Defendants contend that the court erred in granting summary judgment to plaintiffs on their equitable estoppel claim.

First, defendants argue that the court was misled to believe that the pension plan did not require a participant to work 870 hours of service during each plan year.  In other words, defendants aver that it was unreasonable for Mr. Rees to believe that he could use his banked hours to retire when the pension plan unambiguously required hours to be worked during a plan year to receive credit for hours of service.  Defendants misunderstand the court's reasoning.

In addressing the equitable estoppel element that requires the plaintiff to be unaware of the true facts, the court reasoned:

> Mr. Rees did not intend to retire until October 2012 when he would have worked sufficient hours in the 2012 plan year to obtain the 30 and Out benefit. Trustee O'Donnell explained to Mr. Rees that he could retire using his "banked hours." Until this time, Mr. Rees intended on working until October 2012, and he did not know that he could not use "banked hours" towards calculating his credited service. The Pension Plan defines "Hour of Service" as "each hour for which an Employee is paid *or* entitled to payment by a Contributing Employer on account of a period of time during which actual duties are performed." Mr. Rees was unaware that, despite Trustee O'Donnell's statements to the contrary, and although he was entitled to payment by Metro Industrial for the period of time which actual duties were performed, the Pension Fund interprets the Pension Plan as requiring the actual duties be performed within the plan year in which the hours are contributed.

(Doc. #106 at 26).

The court agrees with defendants that the plan says nothing about banked hours. That is precisely why the following facts all show that Mr. Rees was unable to determine whether he could use banked hours to retire by reference to the plan documents alone: (1) the Fund's past practice of crediting Mr. Rees for banked hours, (2) Trustee O'Donnell's representation to Mr. Rees that he could use his banked hours to retire a mere two months earlier than planned, (3) the Fund Office's pension qualification report stating that Mr. Rees would be eligible for retirement effective August 1, 2012, and (4) Plan Administrator Kramer's confirmation that he reviewed Mr. Rees's hours and that Mr. Rees was eligible for retirement. Defendants have not established a palpable error with the court's determination that Mr. Rees was unaware that he could not use his banked hours towards retirement.

Second, defendants argue that plaintiffs did not establish the elements of their equitable estoppel claim. Defendants argue that the court erred in determining that there was a writing evidencing a misrepresentation made to plaintiffs. The misrepresentation, according to

-3-

defendants, was Trustee O'Donnell's verbal representation that Mr. Rees could use his banked hours to retire. However, defendants contend that there is no written misrepresentation relating to the use of banked hours.

As the court explained in its opinion and order, plaintiffs met the writing requirement because, in addition to Trustee O'Donnell's verbal representation, the Fund Office and Plan Administrator Kramer confirmed in writing that Mr. Rees was eligible to retire, and that he had the requisite hours under the plan. This was all done after Plan Administrator Kramer allegedly confirmed that Mr. Rees had worked the requisite hours. Thus, as the court explained, the writing requirement is satisfied because written representations were made to Mr. Rees that he had the necessary hours of service to retire.

Defendants also repeat arguments that plaintiffs have not established the remaining equitable estoppel elements. The court has addressed each element in its opinion and order. No palpable error has been established.

Finally, defendants argue that the court committed palpable error when it held the Fund liable for misinformation provided by one trustee. Defendants are wrong. The court did not hold the Fund liable for misinformation provided by one trustee. The court determined that Trustee O'Donnell was acting on behalf of the Fund when he represented to Mr. Rees that he could use his banked hours to retire. In addition, however, the Fund Office and Plan Administrator Kramer, also acting on behalf of the Fund, confirmed in writing that Mr. Rees was eligible to retire and had the requisite hours under the pension plan. Thus, it was not one statement made by one trustee — multiple representations were made by the Fund through its agents.

For these reasons, the court will deny defendants' motion for reconsideration.

**B. Plaintiffs' Motion**

Plaintiffs' motion seeks clarification of two things. First, plaintiffs seek clarification that "Defendants' assessment against Plaintiffs of overpayment of pension benefits when Defendants revoked Plaintiffs' Special Retirement benefits in September 2013 be declared null and void, so that the pension benefits to be paid by the Defendant Pension Fund from the date of Defendants' revocation of Mr. Rees's Special Retirement benefits in September 2013 cannot and will not be offset by the amount of pension benefits previously paid to Mr. Rees from August 1, 2012 until the date of such revocation." (Doc. 109 at 3). The judgment entered by the court estopped the Fund from revoking plaintiffs' retirement benefits. The decision necessarily means that the revocation of benefits in September 2013 was improper and that payments cannot be offset by amounts Mr. Rees has been paid because he is entitled to those benefits. Thus, there is nothing for the court to clarify.

Second, plaintiffs seek clarification that the injunctive relief ordered in the judgment take immediate effect so that the full payment of past benefits not paid since September 2013 be paid immediately. The court entered judgment on September 30, 2015. (Doc. #107). The judgment was docketed on the same day. The judgment became effective immediately after being docketed. It is not clear why plaintiffs believe differently.

Third, plaintiffs seek reconsideration of the court's determination that the only proper defendant to be estopped is the Fund. The court explained:

> Plaintiffs bring a claim under federal common law seeking equitable estoppel against defendants. This claim only applies against the Pension Fund. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 553 (6th Cir. 2012) ("Moreover, only the Fund can potentially be estopped from doing anything, because it is the only defendant that pays pension benefits in accordance with plan documents.") (citing *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1299 (6th Cir. 1991)).

(Doc. # 106 at 14). Plaintiffs argue that the court relied on dicta in *Cataldo* for this conclusion.

Although the *Cataldo* court's statement may be dicta, the court determines that it is a proper interpretation of equitable estoppel law. The only party with the ability to pay plaintiffs' benefits is the Fund. Thus, it makes sense that the Fund be equitably estopped from revoking plaintiffs' benefits. On the other hand, however, the trustees of the Fund do not have an independent obligation to pay benefits to a plan participant. Although the trustees may make decisions on behalf of the plan, such as whether to pay a plan participant or the calculation of benefits, it is the Fund that pays the benefits. And where, as here, it has been determined that the plan participant is entitled to benefits, there are no decisions left to be made by the trustees such that equitable estoppel would be an appropriate claim against them. The court has already decided that plaintiffs are entitled to the special retirement benefit. Thus, it is the Fund that must be directed to make the payments.

Finally, plaintiffs ask the court to issue a decision on their additional causes of action rather than dismiss the claims as moot. As the court explained in the opinion and order, there is no need to address the additional claims because judgment has entered in plaintiffs' favor for the entirety of the requested relief. Moreover, it is unnecessary to decide plaintiffs' request for preliminary injunctive relief given that final judgment has entered in their favor.

### III. CONCLUSION

For the reasons stated above, the parties' cross-motions for reconsideration are DENIED.

IT IS SO ORDERED.

Dated:  October 21, 2015

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 21, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk