UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID M REES and WENDY REES,

      Plaintiffs,

    v.

IRON WORKERS' LOCAL NO. 25
PENSION FUND, et al.,

      Defendants.
_____/

CASE NO. 14-CV-12401
HONORABLE GEORGE CARAM STEEH

ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, PREJUDGMENT INTEREST, AND EXPENSES (DOC. #114)

Now before the court is the plaintiffs' motion for attorneys' fees, prejudgment interest and expenses (Doc. #114). Plaintiff seeks: (1) attorney's fees and costs in the amount of $156,920.00, not counting approximately $8,750.00 for preparing the instant motion; (2) prejudgment interest at a rate calculated under 28 U.S.C. § 1961; and (3) taxable expenses for service of process fees in the amount of $1,149.81. For the reasons that follow, the motion will be denied without prejudice.

I. BACKGROUND

On September 30, 2015, the court granted summary judgment to plaintiffs David and Wendy Rees on their federal law equitable estoppel claim against the defendant Iron Workers' Local No. 25 Pension Fund (the "Pension Fund"). The court held that the Pension Fund was estopped from revoking plaintiffs' retirement benefits. The court entered judgment in favor of plaintiffs and against the Pension Fund to this effect, and required the Pension Fund to make full

payment to plaintiffs of all benefits that have not been paid since benefits were wrongfully suspended in September 2013. (Doc. #107).

Both sides moved for reconsideration of the court's order. (Docs. #108, 109). The court denied reconsideration. (Doc. #110).

Subsequently, plaintiffs filed a Bill of Costs with the Clerk of the Court. (Doc. #111). Plaintiffs sought to recover the $400 filing fee and $1,149.81 for service of process fees. The Clerk taxed only the $400 filing fee because plaintiffs failed to provide any receipts from the process server as required by the Bill of Costs Handbook. (Doc. #112).

Defendants then filed a notice of appeal of the court's orders and judgment. (Doc. #113).

After defendants filed a notice of appeal, plaintiffs filed the instant motion for attorneys' fees, prejudgment interest and expenses. Subsequently, plaintiffs filed a notice of cross appeal of the court's orders and judgment. (Doc. #117).

## II. DISCUSSION

Given the parties' cross-appeals, currently pending before the United States Court of Appeals for the Sixth Circuit, the court must first determine that it has subject-matter jurisdiction to proceed. In the Sixth Circuit, "a district court retains jurisdiction to rule on a pending motion for attorney's fees even when an appeal is pending. . . ." *Smith v. Indian Hill Exempted Village School Dist.*, No. 1:10-cv-718, 2012 WL 1813062, at *1 (S.D. Ohio May 17, 2012); *see also Dice Corp. V. Bold Technologies*, No. 11-13578, 2013 WL 1499081, at *1 (E.D. Mich. April 11, 2013) ("The filing of a notice of appeal does not divest a district court of jurisdiction to decide a motion for attorney fees.") (citing *Tancredi v. Metropolitan Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004)). Where a notice of appeal has been filed and attorney's fees are sought, the district court has discretion to do three things:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved.

*Dice*, 2013 WL 1499081, at *1 (quoting Fed. R. Civ. P. 54(d) advisory committee's note (1993)).

For judicial economy purposes, the court declines to rule on the motion until the appeal and cross-appeal are resolved. Thus, plaintiff's motion for attorney's fees, prejudgment interest, and expenses is DENIED WITHOUT PREJUDICE. Plaintiffs may refile a motion for attorney's fees, prejudgment interest and expenses within 21 days of entry of the mandate of the Sixth Circuit on this court's docket.

IT IS SO ORDERED.

Dated: December 23, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on December 23, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk